# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7072 | **DATE** | 12/14/2000 |
| **CASE TITLE** | James Lebster, et al vs. Nu-Way Transit, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. The entire responsive pleading is stricken. Leave is granted, for Health Care to file a self-contained amended responsive pleading on or before December 22, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 18 2000 | |
| | Notified counsel by telephone. | date docketed | 4 |
| | Docketing to mail notices. | 15 | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 12/14/2000 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES LEBSTER, et al., )
)
        Plaintiffs, )
)
v. ) No. 00 C 7072
)
NU-WAY TRANSIT, INC., et al., )
)
        Defendants. )



MEMORANDUM ORDER

Health Care Service Corporation ("Health Care") has filed its Answer, Affirmative Defenses and Cross-Claim in this action brought by James and Elizabeth Lebster (collectively "Lebsters") against Health Care and other defendants. This memorandum order is issued sua sponte to address some obvious (and really inexcusable) deficiencies in that responsive pleading.

To begin with, Health Care's counsel has no business in declining to answer the Complaint ¶1 allegation of jurisdiction on the predicate that "said allegation states a conclusion of law." Of course it does--subject matter jurisdiction involves the most fundamental legal conclusion of all--but Fed. R. Civ. P. ("Rule") 8(b) requires a response to <u>all</u> of a plaintiff's allegations (referred to there as "averments"), and it is incontestable that legal conclusions form a proper part of federal pleading (see, e.g., <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); and relatedly, see the opinion of our Court of Appeals in <u>Jackson v.</u>

Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995)). Indeed, the Appendix of Forms that immediately follows the Rules--forms that are given the official seal of approval by Rule 84--expressly contemplate the <u>admission</u> of an allegation of jurisdiction (see Form 21). And of course it makes eminently good sense to compel a defendant to respond to jurisdictional allegations, given the fact that subject matter jurisdiction is the first thing that a court must look at (even on its own).[1]

Next, Answer ¶¶1, 2 and 27 avoid making a proper response to the corresponding Complaint allegations by asserting that the statutes referred to in those allegations "speak for themselves." This Court has been attempting to listen to written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that <u>are</u> permitted by Rule 8(b) in response to all allegations about the contents of documents or statutes. No reason appears why Health Care's counsel should not respond by admitting any allegation that accurately describes the content of whatever part of a statute is referred to in the Complaint.

---

[1] Although the matters set out in Complaint ¶¶5 and 11 are not of course as critical to this Court's proceeding with the case as the matter of subject matter jurisdiction, everything else said in the just-completed paragraph of the text applies with equal force to those allegations. Accordingly Answer ¶¶5 and 11, as well as Answer ¶1, are stricken.

Next and most pervasive, Health Care's counsel has inexplicably ignored the plain requirement of Rule 8(b)'s second sentence as to what is essential for a responding party to become entitled to a deemed denial of an allegation. All that Health Care sets out is its asserted "insufficient knowledge to form a belief," even though Rule 8(b) also imposes the considerably more demanding absence of sufficient information to form a belief as to the truth of the other side's allegations. That flaw pervades the entire responsive pleading (Answer ¶¶3, 6-9, 13-21, 23-24, 32-34 and 37-39). Moreover, all of those inadequate disclaimers add a totally meaningless demand for "strict proof," whatever that may be (as this Court has commented elsewhere, that added adjective has far less warrant than the often-encountered usage of "gross negligence," which Judge Easterbrook has characterized as negligence with a pejorative adjective). Every one of those paragraphs is stricken as well.

Because an amendment extensive enough to embody all of the required corrections would create a pleading patchwork, this Court strikes the entire responsive pleading. Leave is granted, of course, for Health Care to file a self-contained amended responsive pleading on or before December 22, 2000. And because there is no reason that the client should have to pay for such fundamental errors on the part of its lawyer, no charge is to be made to Health Care for the added work and expense incurred in

3

correcting counsel's errors. Counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 14, 2000